UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY MCNAMARA,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br><br>    Defendant. | Case No. 20-cv-07196-JCS<br><br>**ORDER DENYING FEE MOTION WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 41 |

Plaintiff's counsel brings a Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b) ("Motion"). The Court DENIES the Motion without prejudice because it is procedurally defective.

First, where counsel files a motion for fees in an action for social security benefits, counsel must provide a statement showing that a copy of the motion has been sent to the plaintiff to the claimant. 20 C.F.R. § 404.1725(a)(7); *Holder v. Astrue*, No. CIV.05-3521-PHX (RCB), 2009 WL 1363538, at *3 (D. Ariz. May 7, 2009) ("There is no question but that, when making section 406(b) applications, as here, attorneys are required to give notice to their clients as to the existence of such application." (internal quotation marks omitted)). Courts evaluating applications for attorneys' fees in the context of social security disability benefits have, therefore, required a proof of service on the plaintiff. *See Atkins v. Astrue*, No. C 10-0180 PJH, 2012 WL 5350265, at *5 (N.D. Cal. Oct. 29, 2012) (describing plaintiff's counsel's "failure to show that [plaintiff] received notice" of plaintiff's counsel's motion under section 406(b) as a "deficiency" and denying the motion partly for this reason.). Counsel has not supplied a proof of service and it is not clear whether Plaintiff received notice of the instant motion.

Second, documents presented to the court in connection with attorneys' fee requests should

be authenticated. *See Obadagbonyi v. Sky Recovery Servs., Ltd.*, No. 3:10-CV0226-LRH-RAM, 2010 WL 3636330, at *1 (D. Nev. Sept. 10, 2010) (denying request for attorney's fees in a FDCPA matter without prejudice because an "unsigned, unauthenticated, and redacted document" was insufficient to "establish the fee rate and conditions of the contract necessary to support an award of fees pursuant to the offer of judgment."); see also Fed. R. Evid. 901 (establishing general requirements of authenticating or identifying an item of evidence). Thus, the attachments submitted in connection with the Motion should be authenticated through a declaration signed under penalty of perjury.  Any facts upon which the Motion relies should also be contained in a sworn declaration to the extent they go beyond the facts established by the exhibits.

Therefore, the Motion is DENIED without prejudice to refiling a motion for attorneys' fees that cures these procedural defects.

**IT IS SO ORDERED.**

Dated:  July 28, 2023

_____
JOSEPH C. SPERO
United States Magistrate Judge