UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.M.,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br><br>    Defendant. | Case No. 20-cv-07196-JCS<br><br>**ORDER GRANTING MOTION FOR ATTORNEY FEES**<br><br>Re: Dkt. No. 43 |

## I. INTRODUCTION

Helen Zane ("counsel"), who represented J.M. in this matter under a contingency fee agreement, brings a Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Motion"), seeking an award of $32,085.00 in attorney fees for work before this Court. For the reasons stated below, the Motion is GRANTED. [1]

## II. BACKGROUND

J.M. entered into a contingent fee agreement with counsel providing that counsel would be awarded 25% of all past-due benefits J.M. and their family received as a result of this action. Zane Decl. ¶ 4 & Ex. C (fee agreement). J.M. initiated this action to seek review of the final decision by the Commissioner of the Social Security Administration ("the Commissioner") denying their Application for disability insurance benefits under Title II of the Social Security Act and supplemental security income ("SSI") under Title XVI of the Social Security Act. On March 2, 2022, the Court granted J.M.'s motion for summary judgment, denied the Commissioner's motion for summary judgment and remanded to the Social Security Administration for immediate

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

1   calculation and award of benefits. Dkt. no. 32.

2       On remand, the Commissioner initially notified J.M. that they would be awarded
3   $92,201.00 in past due benefits, and that the Commissioner was withholding $23,050.25 to cover a
4   potential fee award by the Court. Zane Decl. ¶ 6 & Ex. A (July 3, 2022 Notice). Subsequently, the
5   Commissioner notified J.M. that the past due benefits amount had been reduced to $84,918.55 to
6   account for past SSI payments; the amount withheld for attorneys' fees remained the same as
7   stated in the previous notice. Zane Decl. ¶ 8 & Ex. D (January 28, 2023 Notice). The
8   Commissioner sent an additional notice dated March 14, 2023 stating that past due auxiliary
9   benefits for J.M.'s minor child amounted to $46,088.00 and that $11,522.00 had been withheld for
10  attorneys' fees. Zane Decl. ¶ 10 & Ex. B.

11      On June 22, 2022, the Court approved a stipulated award of fees in the amount of $7,000
12  under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). In the Motion, counsel
13  requests a fee of $32,085.00 under the contingency fee contract and 42 U.S.C. § 406(b), noting in
14  the Motion that if her request for fees under Section 406(b) is granted, the fees awarded pursuant
15  to the EAJA stipulation would be paid to J.M. The requested amount constitutes 23.2% of the past
16  due benefits awarded to Plaintiff and their minor child if the original past due benefit calculation
17  amount of $92,201.00 is used. If the reduced amount of J.M.'s past due benefits of $84,918.55 is
18  used, the requested amount constitutes 25% of the past due benefits awarded to J.M. and their
19  minor child. Zane has offered time records showing that the total attorney time spent on the case
20  was 35.65 hours. Zane Decl. ¶ 18 & Ex. F. Thus, counsel seeks fees at an effective hourly rate of
21  $900.

22      In the Motion, counsel argues that her request is reasonable under *Gisbrecht v. Barnhart*,
23  535 U.S. 789, 122 (2002) because J.M. entered into a valid contingent fee agreement with Counsel
24  and that agreement required Counsel to assume the risk that she would receive no compensation
25  for the time spent representing J.M in this action if J.M. did not prevail. She further asserts that
26  the amount she requests in fees is reasonable in light of the services performed and the result
27  obtained. The Commissioner filed a response in which it takes no position as to the
28  reasonableness of the fee request. Dkt. no. 47.

### III. ANALYSIS

The scheme established by Congress for attorney fee awards in cases involving social security claims is described by the Supreme Court as follows:

> Fees for representation of individuals claiming Social Security old-age, survivor, or disability benefits, both at the administrative level and in court, are governed by prescriptions Congress originated in 1965. Social Security Amendments of 1965, 79 Stat. 403, as amended, 42 U.S.C. § 406. . . . The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court. *See also* 20 CFR § 404.1728(a) (2001).

*Gisbrecht*, 535 U.S. at 793–94. Subsection 406(b) provides, in relevant part, that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." 42 U.S.C. § 406(b).

Under *Gisbrecht*, courts should "approach fee determinations [under § 406(b)] by looking first to the contingent-fee agreement, then testing it for reasonableness," and may reduce the recovery "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. The Ninth Circuit has applied *Gisbrecht* to mean that "court[s] may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citing *Gisbrecht* 535 U.S. at 808). In this analysis, courts "generally have been deferential to the terms of the contingency fee contracts in § 406(b) cases, accepting that the resulting *de facto* hourly rates may exceed those for non-contingency fee arrangements," noting that "basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003).

In addition to the fees permitted under § 406(b), the Equal Access to Justice Act ("EAJA"),

1  enacted in 1980, allows a party who prevails against the United States in court, including a
2  successful Social Security benefits claimant, to receive an award of fees payable by the United
3  States if the Government's position in the litigation was not "substantially justified." *Gisbrecht*,
4  535 U.S. at 796 (citing 28 U.S.C. § 2412(d)(1)(A)). In contrast to fees awarded under § 406(b),
5  EAJA fees are based on the "time expended" and the attorney's "[hourly] rate." 28 U.S.C. §
6  2412(d)(1)(B). In *Gisbrecht*, the Supreme Court explained that "Congress harmonized fees
7  payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's
8  past-due Social Security benefits in this manner: Fee awards may be made under both
9  prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller
10 fee.'" 535 U.S. at 796 (citing Act of Aug. 5, 1985, Pub. L. No. 99–80, § 3, 99 Stat. 186 (1985)).
11 Accordingly, "an EAJA award offsets an award under [42 U.S.C. § 406(b)]," increasing "up to the
12 point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796.
13     The Court finds Counsel's request to be reasonable under *Gisbrecht*. First, Counsel has
14 presented a valid contingent fee agreement that provides for attorneys' fees in the amount of 25%
15 of past due benefits awarded to J.M. and their family in the event J.M. prevails in this case. Zane
16 Decl., Ex. C. Second, she has supplied a timesheet documenting hours worked, *id.*, Ex. F, which
17 the Court finds to be reasonable. Third, there is no evidence that Counsel's work was substandard
18 or that the fee award is disproportionate to the amount of work on the case. Rather, counsel
19 obtained an excellent result for her client. The Court further finds that the effective rate of
20 $900/hour is within the range of what courts have approved in recent years. *See, e.g.*, *Crawford v.*
21 *Astrue*, 586 F.3d 1142 1153 (9th Cir. 2009) (approving de facto hourly rates of $519, $875, and
22 $902 in 2009); *Reddick v. Berryhill*, 16-CV-29-BTM-BLM, 2019 WL 1112080, at *2–3 (S.D. Cal.
23 Mar. 11, 2019) (collecting cases and approving de facto hourly rate of $1,080).
24     For these reasons, the Court finds that the fees requested by counsel are reasonable under
25 *Gisbrecht*.
26 **IV.   CONCLUSION**
27     For the reasons stated above, the Motion is GRANTED. Counsel is awarded $32,085.00 in
28 fees. The EAJA fees previously awarded to counsel in this case, in the amount of $7,000, shall be

4

1  paid to J.M.

2  **IT IS SO ORDERED.**

3

4  Dated: June 4, 2024

5  _____
6  JOSEPH C. SPERO
   United States Magistrate Judge